# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: June 7, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| WILLIAM BROWN, | * | No. 17-961V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for Petitioner.
Debra A. Filteau Begley, United States Department of Justice, Washington, D.C., for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On July 18, 2017, William Brown ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). The petition alleged that the influenza ("flu") vaccine petitioner received on November 13, 2016, caused him to suffer from Guillain-Barré syndrome ("GBS"). On May 14, 2019, the parties filed a stipulation for award, which the undersigned adopted as her Decision awarding damages on the same day. Decision, ECF No. 45.

On February 20, 2019, petitioner filed an application for attorneys' fees and costs. ECF No. 40 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$33,637.76 (representing $31,593.55 in fees and $2,044.21 in costs). Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants that he has incurred $400.00 in costs related to the prosecution of his petition. *Id.* Respondent responded to the motion on March 7, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3 (ECF No. 41). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.      Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program

special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[3]

Petitioner requests the following rates of compensation for the work of his attorneys: for Mr. Clifford Shoemaker, $440.00 per hour for work performed in 2017, $450.00 per hour for work performed in 2018, and $455.00 per hour for work performed in 2019; for Ms. Renee Gentry, $424.00 per hour for work performed in 2017, $435.00 per hour for work performed 2018, and $440.00 per hour for work performed in 2019; and for Ms. Sabrina Knickelbein, $378.00 per hour for work performed in 2017, $391.00 per hour for work performed in 2018, and $396.00 per hour for work performed in 2019. Fees App. at 15.

The rates requested for 2017-2018 are reasonable and in conformance with what counsel has previously been awarded. *See Pearson v. Sec'y of Health & Human Servs.*, No. 17-670V, 2018 WL 5270110, at *1 (Fed. Cl. Spec. Mstr. Aug. 31, 2018); *Cianni v. Sec'y of Health & Human Servs.*, No. 16-1052V, slip op. at 2 (Fed. Cl. Spec. Mstr. Sept. 21, 2018). Concerning the requested rates for 2019, all are reasonable and in the range prescribed by the Fees Schedule for 2019 for attorneys with the experience of Mr. Shoemaker, Ms. Gentry, and Ms. Knickelbein. Accordingly, no adjustment to the requested rates is necessary.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.

Upon review, the undersigned finds that a reduction to the total hours billed is necessary. First, supporting reduction in attorneys' fees is the overall vagueness of Mr. Shoemaker's billing

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

entries. This is an issue which has been raised several times by multiple special masters. *See Dominguez v. Sec'y of Health & Human Servs.*, No. 12-378V, 2018 WL 3028975, at *3 (Fed. Cl. Spec. Mstr. May 25, 2018); *Brodie v. Sec'y of Health & Human Servs.*, No. 17-437V, 2018 WL 3991233, at *3 (Fed. Cl. Spec. Mstr. June 26, 2018); *Eworonsky v. Sec'y of Health & Human Servs.*, No. 04-992V, 2018 WL 2225379, at *4 (Fed. Cl. Spec. Mstr. Apr. 20, 2018); *Cianni*, slip op. at 3; *Rogero v. Sec'y of Health & Human Servs.*, No. 11-770V, slip op. at 4 (Fed. Cl. Spec. Mstr. Aug. 22, 2018).

In this case, entries for correspondence only infrequently mention the topic of the correspondence and entries for review of orders do not describe the order being reviewed. Fees App. at 5-9. By contrast, Ms. Gentry's billing entries for correspondence reflect the topic of correspondence or which medical records she is reviewing. *Id.* at 9-12. Mr. Shoemaker also billed time for administrative tasks such as preparing records for filing and for preparing and delivering a CD (entries on 7/18/17 and 7/20/17). *Id.* at 6-7. Accordingly, the undersigned shall reduce the total number of hours billed by Mr. Shoemaker by 10%, resulting in a reduction of **$1,456.85**.

Also requiring reduction are the hours of Ms. Knickelbein for duplicative billing. Starting on September 20, 2017, all of Ms. Knickelbein's billing entries are for review of filings which were also reviewed by Mr. Shoemaker. Given that Ms. Knickelbein appeared to play no role in this case beyond merely reviewing orders and other routine filings, the undersigned sees no reason for her to bill for this when these filings have already been reviewed by Mr. Shoemaker. The undersigned will therefore not compensate any of Ms. Knickelbein's work starting on September 20, 2017. This results in a reduction of **$738.20**. Petitioner is thus entitled to final attorneys' fees of **$29,398.50**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,044.21 in attorneys' costs. This amount comprises the cost of obtaining medical records and for photocopies. Fees App. at 40. All the costs appear reasonable in the undersigned's experience and petitioner has provided adequate documentation for them. Petitioner is thus entitled to the full amount of costs sought.

### d. Petitioner's Costs

Pursuant to General Order No. 9, petitioner warrants that he has personally incurred costs of $400.00 for the Court's filing fee. Fees App. at 1. Petitioner has provided proof of this incurred cost and it shall be reimbursed in full.

## II. Conclusion

Based on all the above, the undersigned finds that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $31,593.55 |
| (Reduction to Fees) | - ($2,195.05) |
| **Total Attorneys' Fees Awarded** | **$29,398.50** |
| | |
| Attorneys' Costs Requested | $2,044.21 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2,044.21** |
| | |
| **Total Attorneys' Fees and Costs** | **$31,442.71** |
| | |
| **Petitioner's Costs Awarded** | **$400.00** |
| | |
| **Total Amount Awarded** | **$31,842.71** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions noted above, is reasonable. **Accordingly, the undersigned awards the following:**

1) **A lump sum in the amount of $31,442.71, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Clifford Shoemaker; and**
2) **A lump sum in the amount of $400.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).